**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN GUARD SERVICES, INC., a California corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>SZERLIP & CO., INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>               Defendants. | CV 18-05418-RSWL-SS<br><br>**ORDER re: Defendant's Motion to Dismiss** [7] |

     Currently before the Court is Defendant Szerlip & Co., Inc.'s ("Defendant") Motion to Dismiss ("Motion") [7]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion.

///

///

///

# I. BACKGROUND

## A. Factual Background

Plaintiff American Guard Services, Inc. ("Plaintiff") is a California corporation with its principal place of business in California. Notice of Removal, Ex. 1 ("Compl.") ¶ 1, ECF No. 1-1. Plaintiff is a security services company providing security officers for businesses, cruise lines, and ports. Id. ¶ 11. Defendant is a New Jersey corporation with its principal place of business in New Jersey. Id. ¶ 2. Defendant is an insurance broker with regard to various types of insurance, and it allegedly holds itself out as an expert in insurance coverage for companies in the security guard business. Id. ¶ 12.

Plaintiff began purchasing insurance policies through Defendant in the early 2000s. Id. ¶ 13. In May 2006, Plaintiff entered into a Shipboard Security Services Agreement with Norwegian Cruise Lines to provide security services aboard Norwegian Cruise Lines cruise ships. Id. ¶ 14. Plaintiff subsequently informed Defendant of this agreement. Id. ¶ 15.

For the period of September 30, 2010 to September 30, 2011, First Mercury Insurance Co. ("FMIC") issued Plaintiff a Commercial General Liability policy and a Commercial Umbrella Liability policy. Id. ¶¶ 16-17. For the period of March 16, 2011 to March 16, 2012, Everest National Insurance Company ("Everest") issued Plaintiff a Worker's Compensation policy. Id. ¶ 18.

Defendant was the broker for all three of these
insurance policies, and Plaintiff alleges that
Defendant recommended the coverage included in these
policies based on Plaintiff's business operations.  <u>Id.</u>
¶ 19.  Defendant did not inform Plaintiff that these
policies would not cover damages an employee suffered
while working on a cruise ship.  <u>Id.</u> ¶ 27.

On May 22, 2011, one of Plaintiff's employees was
injured while working on a Norwegian Cruise Lines ship.
<u>Id.</u> ¶ 20.  On April 11, 2012, the injured employee
filed suit against Plaintiff for damages.  <u>Id.</u> ¶ 21.
Plaintiff submitted the case to both FMIC and Everest
requesting defense and indemnity based on Plaintiff's
existing insurance policies.  <u>Id.</u>  On July 2, 2012,
FMIC sent a letter to Plaintiff rejecting Plaintiff's
request for coverage.  <u>Id.</u> ¶ 22.  FMIC based its denial
of coverage on the employer's liability and workers'
compensation exclusions contained in the Commercial
General Liability policy.  <u>Id.</u>

On May 21, 2012, Everest informed Plaintiff that
Plaintiff's policy excluded coverage for (1) an
obligation imposed by a workers' compensation system or
similar law, (2) bodily injury to a person in work
subject to the Longshore and Harbor Workers'
Compensation Act, and (3) bodily injury to a person in
work subject to the Federal Employers' Liability Act.
<u>Id.</u> ¶ 23.  Despite these exclusions, Everest initially
agreed to defend Plaintiff, subject to a reservation of

Everest's right to withdraw the defense and/or deny
coverage. <u>Id.</u> ¶ 24. In June 2015, Everest filed an
action for declaratory relief against Plaintiff in the
U.S. District Court for the Southern District of
Florida, alleging Everest had no duty to defend or
indemnify Plaintiff against the employee's claims. <u>Id.</u>
¶ 25. The court granted Everest's Motion for Summary
Judgment on May 29, 2016. <u>Id.</u> ¶ 26.

**B.   Procedural Background**

Plaintiff filed its Complaint [1-1] on May 23, 2018
in the Los Angeles County Superior Court. Defendant
removed to this Court on June 18, 2018 [1]. Defendant
filed the instant Motion [7] on June 22, 2018.
Plaintiff filed its Opposition [9] on July 23, 2018.
Defendant filed its Reply [12] on July 24, 2018.

**II. DISCUSSION**

**A.   Legal Standard**

Federal Rule of Civil Procedure ("Rule") 12(b)(6)
allows a party to move for dismissal of one or more
claims if the pleading fails to state a claim upon
which relief can be granted. A complaint must contain
sufficient facts, accepted as true, to state a
plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 556
U.S. 662, 678 (2009) (quotation omitted). Dismissal is
warranted for a "lack of a cognizable legal theory or
the absence of sufficient facts alleged under a
cognizable legal theory." <u>Balistreri v. Pacifica
Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)

4

(citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B.  Discussion**

1.  Plaintiff's Late-Filed Opposition

Pursuant to Local Rule 7-9, Plaintiff was required to file its Opposition no later than twenty-one days prior to the hearing on Defendant's Motion. Plaintiff's Opposition was therefore due by July 17, 2018, but Plaintiff did not file its Opposition until July 23, 2018. Defendant, in addressing Plaintiff's

late-filed Opposition, argues that the Court should disregard the Opposition or deem it waived. However, Defendant does not explain how it was prejudiced by this late filing. In light of this, and "based on the law's strong preference to determine cases on their merits," Summer v. Berryhill, No. 16-cv-01872-BLF, 2017 U.S. Dist. LEXIS 109841, at *9 (N.D. Cal. July 14, 2017), the Court will exercise its discretion to consider the late-filed Opposition and rule on the merits of Defendant's Motion.

2.   Statute of Limitations

Defendant's primary argument is that Plaintiff's Complaint should be dismissed because the statute of limitations bars Plaintiff's Complaint. "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" United States ex rel. Air Control Techs. v. Pre Con Indus., 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

Plaintiff asserts a negligence cause of action against Defendant, arguing that Defendant "fail[ed] to gain the knowledge and information necessary to secure adequate insurance coverage for" Plaintiff. Compl.

¶ 33.   Such a "negligence claim is one for professional negligence and is governed by the two-year statute of limitations set forth in" California Code of Civil Procedure section 339.   <u>Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.</u>, 10 Cal. Rptr. 3d 582, 589 (Ct. App. 2004).   A cause of action for professional negligence does not accrue until the plaintiff (1) sustains damage and (2) discovers, or should discover, the negligence.   <u>Roger E. Smith v. Shn Consulting Eng'rs & Geologists</u>, 107 Cal. Rptr. 2d 424, 434 (Ct. App. 2001).   "The crucial question" is when the plaintiff knew, or should have known, about the defendant's "wrongful conduct and the resulting harm." <u>Hydro-Mill</u>, 10 Cal. Rptr. 3d at 595.

Here, Defendant repeatedly argues that the statute of limitations began to run as early as 2012, when Everest informed Plaintiff that the policy excluded coverage for Plaintiff's employee's injury.   However, despite making this statement to Plaintiff, Everest agreed to defend and indemnify Plaintiff.   <u>See</u> Compl. ¶ 24.   The fact that Everest sent Plaintiff a letter with a reservation of the right to withdraw coverage does not change the fact that, at that time, Plaintiff had not suffered any appreciable harm because Everest still agreed to defend Plaintiff.   <u>See</u> <u>Roger E. Smith</u>, 107 Cal. Rptr. 2d at 434 ("[A]n action accrues, and the statute begins to run, as soon as the plaintiff suffers 'appreciable harm' from the breach.").

Defendant also argues that the statute of
limitations began to run in June 2015, when Everest
filed an action for declaratory relief against
Plaintiff alleging that Everest had no duty to defend
Plaintiff.  However, while Everest may have sought
court intervention to determine its role in
indemnifying Plaintiff, the question of whether Everest
would in fact indemnify Plaintiff was not answered
until the court granted Everest's Motion for Summary
Judgment on May 29, 2016.

Typically, the statute of limitations would begin
to run when the insurer, here, Everest, denied coverage
or refused to pay for Plaintiff's employee's damages.
See Hydro-Mill, 10 Cal. Rptr. 3d at 597 (holding that
statute did not begin to run until insurer made an
offer to insured that excluded coverage for some
properties); Butcher v. Truck Ins. Exch., 92 Cal. Rptr.
2d 521, 541 (Ct. App. 2000) ("[T]he fact of any damage
at all was completely uncertain until Truck told
appellants it would not defend them in the Hennefer
action.").  However, here, Everest did not deny
coverage.  It instead filed an action for declaratory
relief.  Therefore, there was still a possibility that
Everest would indemnify Plaintiff, especially if the
court sided with Plaintiff in the declaratory relief
action.  No appreciable harm existed until the court
granted Everest's Motion for Summary Judgment on May
29, 2016, thus clarifying that Everest was not required

to indemnify Plaintiff.  <u>See also</u> <u>Williams v. Hilb,</u>
<u>Rogal & Hobbs Ins. Servs. of Cal., Inc.</u>, 98 Cal. Rptr.
3d 910, 924 (Ct. App. 2009) ("Thus until the judgment
was entered, [the plaintiff] sustained no appreciable
harm from the lack of workers' compensation insurance
coverage and, the trial court so found."); <u>Walker v.</u>
<u>Pac. Indem. Co.</u>, 6 Cal. Rptr. 924, 926 (Ct. App. 1960)
("[T]he fact of any damage at all was completely
uncertain until judgment in the personal injury
action.").  Accordingly, there is clearly a set of
facts that would establish the timeliness of the claim,
and therefore, Plaintiff's Complaint cannot be
dismissed based on the statute of limitations.

    3.  <u>Failure to State a Claim</u>

    Defendant also half-heartedly argues that
Plaintiff's Complaint fails to state a claim for
professional negligence.  However, Defendant does not
take issue with the allegations in the Complaint.  It
instead includes declarations and exhibits to its
Motion in an attempt to prove Plaintiff declined
coverage for employees working on boats, thus
preventing a claim for professional negligence related
to the employee's injury on a Norwegian Cruise Lines
cruise ship.

    "As a general rule, 'a district court may not
consider any material beyond the pleadings in ruling on
a Rule 12(b)(6) motion.'"  <u>Lee v. City of L.A.</u>, 250
F.3d 668, 688 (9th Cir. 2001) (quotation omitted).  In

fact, Rule 12(b)(6) states that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." While the Court may consider documents attached to the Complaint or documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment, <u>see</u> <u>Lee</u>, 250 F.3d at 688-89, the declarations and documents Defendant attaches to its Motion do not fit within these two exceptions. The Declaration of Wayne Ruben includes statements regarding Defendant's relationship with Plaintiff and includes documents exchanged between the parties. <u>See</u> Decl. of Wayne Ruben in Supp. of Def.'s Mot. to Dismiss, ECF No. 7-2. Therefore, the Court cannot consider these documents without converting this Motion into a motion for summary judgment, which it declines to do at this early stage of the litigation.

///
///
///
///
///
///
///
///
///
///
///

Defendant does not challenge the sufficiency of the
allegations of the Complaint, and therefore, accepting
the allegations in the Complaint as true, Plaintiff has
sufficiently pleaded a claim for professional
negligence.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES**
Defendant's Motion.  Counsel are reminded that
Defendant's Answer to the Complaint is due within 14
days of this order.

**IT IS SO ORDERED.**


DATED: August 21, 2018          s/ RONALD S.W. LEW

                                       **HONORABLE RONALD S.W. LEW**
                                       Senior U.S. District Judge