# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GUARD SERVICES INC., | Case No. 2:18-CV-05418-RSWL (SSx) |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| v. | **NOTE CHANGES MADE BY THE COURT.** |
| SZERLIP & CO., INC., | |
| Defendant. | |

Defendant Szerlip & Co., Inc. ("Szerlip") issued a subpoena to produce documents on non-party First Mercury Insurance Company ("FMIC"), seeking any and all documents contained in FMIC's underwriting and claim files for plaintiff American Guard Services, Inc., ("AGS"), with the claim file documents limited solely to the Rimona Ligon claim.

Whereas, some of the requested documents contain confidential, proprietary, or private information for which special protection from public disclosure or use for any purpose other than this litigation would be warranted and that the disclosure of such information would necessarily result in harm to the disclosing party.

Whereas, for purposes of permitting disclosure of documents containing confidential information, as that term is defined below, the parties, which includes non-party FMIC, stipulate and agree to the terms of this stipulated confidentiality order through their respective counsel, and further agree that production of such confidential

information is conditioned on the Court executing a confidentiality order.

The parties, therefore, stipulate and agree as follows:

1. In connection with discovery proceedings in this action, parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical,

and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also

STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER
Case No.2:18-CV-05418-RSWL-SS; Our File No. 3516.42

- 3 -

1   apply.

2       9.    Nothing herein shall impose any restrictions on the use or disclosure by a

3 party of material obtained by such party independent of discovery in this action, whether

4 or not such material is also obtained through discovery in this action, or from disclosing

5 its own Confidential Material as it deems appropriate.

6       10.    If Confidential Material, including any portion of a deposition transcript

7 designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed

8 with the Court, such papers shall be accompanied by an application to (a) file the

9 confidential portions thereof under seal (if such portions are segregable), or (b) file the

10 papers in their entirety under seal (if the confidential portions are not segregable). The

11 application shall be directed to the judge to whom the papers are directed. Pending the

12 ruling on the application, the papers or portions thereof subject to the sealing application

13 shall be lodged under seal.

14       11.    This Order shall be without prejudice to the right of the parties (i) to bring

15 before the Court at any time the question of whether any particular document or

16 information is confidential or whether its use should be restricted or (ii) to present a

17 motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any

18 particular document or information, including restrictions differing from those as

19 specified herein. This Order shall not be deemed to prejudice the parties in any way in

20 any future application for modification of this Order. **The provisions of paragraphs 10**

21 **and 11 are subject to the Local Rule requirements of Local Rule 79 and Local Rule**

22 **37. Nothing in the Order shall govern the introduction or filing of evidence during**

23 **the trial of this matter.**

24       12.    This Order is entered solely for the purpose of facilitating the exchange of

25 documents and information between the parties to this action without involving the Court

26 unnecessarily in the process. Nothing in this Order nor the production of any information

27 or document under the terms of this Order nor any proceedings pursuant to this Order

28 shall be deemed to have the effect of an admission or waiver by either party or of altering

the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Diana Courteau attests that pursuant to L.R. 5-4.3.4(a)(2)(i), all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 14, 2019          COURTEAU & ASSOCIATES, INC.


                                             /S/
                             _____
                             Diana L. Courteau, Esq.
                             Attorneys for Defendant
                             SZLERLIP & CO., INC.

DATED: May 13, 2019


                                             /S/
                             _____
                             Mazyar Hassan Mazarei
                             Attorneys for Plaintiff
                             AMERICAN GUARD SERVICES, INC.,

DATED: May 7, 2019           GIBSON ROBB & LINDH LLP


                                             /S/
                             _____
                             Michael J. Cummins
                             Attorneys for Non-Party
                             FIRST MERCURY INSURANCE

COMPANY

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED: 5/24/19                              /S/ SUZANNE H. SEGAL
                                                     United States Magistrate Judge